UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTO ANALYTICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BENWORTH CAPITAL PARTNERS LLC,<br><br>    Defendant. | Case No. 24-cv-03975-AMO<br><br>**ORDER RE ADMINISTRATIVE MOTION FOR CLARIFICATION OF DEADLINE**<br><br>Re: Dkt. No. 26 |

Before the Court is Respondent Benworth Capital Partners, LLC ("Benworth") motion to clarify the deadline to respond to Oto Analytics, LLC's ("Womply") Petition to Confirm Arbitration Award, filed July 22, 2024. ECF 26.

On July 1, 2024, Womply filed a petition to confirm a June 26, 2024 arbitral award pursuant to 9 U.S.C. § 9. ECF 1. Benworth waived service on July 5, 2024, ECF 15, and contends that, consequently, it has 60 days to respond to the Petition. ECF 26 at 2. It moves to clarify that the deadline for it to respond to the Petition is no earlier than September 3, 2024. *Id.* at 5. Womply maintains that a petition to confirm an arbitration award is considered a motion, and thus the 14-day deadline in Civil Local Rule 7-3 applies to Benworth's response. ECF 35.

The FAA provides for petitions to confirm arbitral awards to be treated as motions, not complaints. *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). However, Petitioner failed to file or notice a motion pursuant to Local Rules 7-1 and 7-2. *See* Civil L.R. 7-2(a) ("[A]ll motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion."). Thus, no obligation was created for Benworth to respond within the fourteen-

day deadline provided for by Local Rule 7-3(a).  *See Bridgeport Mgmt., Inc. v. Lake Mathews Min. Properties, Ltd.*, No. 14-CV-00070-JST, 2014 WL 953831, at *3 (N.D. Cal. Mar. 6, 2014) ("The Petition was, in essence, an improperly filed and improperly noticed motion, and it did not impose on Respondents any obligations to respond.  Its only effect was to open the case file.  If Petitioner wanted more, it was obligated to request more—such as by filing a separate motion [to confirm the arbitration award], or by noticing a hearing in compliance with the Court's local rules.").

On August 12, 2024, Womply filed a notice of hearing.  ECF 37.  However, Womply has failed to file and notice a motion pursuant to Civil Local Rule 7-2.  Accordingly, the Court **STRIKES** the notice of hearing and **TERMINATES** Bentworth's administrative motion to clarify the deadline.  Benworth will have fourteen days to respond to a motion properly noticed and filed pursuant to Civil Local Rule 7-3.

The Court notes that it is currently setting motion hearings in January 2025 and reminds the parties that their case may be resolved more quickly if they consent to magistrate judge jurisdiction.  The parties may consent at any time to reassignment of the case to a magistrate judge of their choice, for all purposes, including entry of final judgment.  *See* Civil L.R. 73-1(b).  That one party refused to consent to a magistrate judge assigned off-the-wheel does not foreclose a different magistrate judge assignment.[1]

**IT IS SO ORDERED.**

Dated: August 15, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] The Court's order relating *Benworth Capital Partners, LLC v. Oto Analytics, LLC*, 24-cv-04840, ECF 39, does not impact the parties' ability to consent to a magistrate judge.